October 25, 2019

To Whom It May Concern:

My name is Alison Looman and I am writing to show my support for a favorable decision on Patrick Estelle Jones's FIRST STEP petition.

I first made contact with Patrick in 2016 when I was an associate at the law firm, Sidley Austin LLP, in New York City. Patrick was referred to me as part of the clemency program President Obama had put in place for certain low-level drug offenders who had disproportionately long sentences.

I am not a litigator (my practice area is in the corporate/financial space), so perhaps that is why a number of things about Patrick's case struck me as noteworthy and odd, particularly in view of the sentence he was given. The first is that Patrick essentially raised himself on the streets, without family support. A product of incest, his grandmother died when he was 6 and he shuffled between relatives and the street for the rest of his childhood (in one painful chapter, his mom kicked him out when he was 11.) By the age of 16, Patrick started engaging in petty crime. Given the lack of structure or support during his childhood, this may not be totally surprising. What I would point out, though, is that Patrick never became violent, never joined a gang, and never engaged in activities that would physically harm others. It seems to me like he was an adolescent acting out and not an actual menace to society. In fact, had he not gone to jail, Patrick told me he had been planning on joining the military upon graduation from high school.

That leads me to the second thing that surprises me: Patrick's current sentence has been strongly augmented by the non-violent crimes Patrick committed before he was 18. Prior to working on this case, I had thought that crimes committed as a minor only became part of a permanent record in the rarest and most heinous of cases. But Patrick's adolescent crimes are petty and non-violent. To me it seems perverse to continue to count these crimes against Patrick, especially as it has always seemed like Patrick became a much better person than one might hope for in his circumstances.

Third, Patrick's offense was augmented for occurring near a school zone. I can understand why selling drugs at or near a school should increase the standard penalty: we obviously do not want drug dealers targeting or selling to children. But there is no indication that Patrick ever sold drugs anywhere outside of his apartment. And there is no basis for believing that Patrick ever targeted kids. The fact that his apartment was near a school - and a junior college at that - was merely circumstantial. To me, it seems unfair that the prosecutor decided to augment his penalty in this way. It misses the true purpose of the augmentation.

Fourth, I still do not really understand how the 21 grams of crack found on Patrick's premises could be augmented to over 425 grams of sales. Yes, procedurally I know what happened and how the quantity was supported. But, stepping back, the augmentation just does not make

sense. I find it hard to believe that Patrick was ever in possession of 425 grams of cocaine base or anything anywhere close to that.

Any one of these items alone would seem marginally to moderately unfair, but their collective weight results in a sentence that seems totally disproportionate to Patrick's low-level drug crime. After all, he was not in a gang, not a kingpin, not a high level dealer, and not violent. Instead, he was an addict with a criminal record and limited employment options. 30 years for this crime, frankly, just seems inappropriate, and is why I have remained passionate about Patrick's case and finding a way for him to get some sort of reprieve.

I am still disappointed Patrick did not receive clemency as part of President Obama's clemency program. I think the program essentially ran out of time. It was already well in to 2016 when I received Patrick's case and I am afraid to say it took me a few months to put his petition together. With the approvals that were also necessary, Patrick's clemency petition was not submitted until the fall of 2016, just as the clemency board was tasked with reviewing thousands, possibly tens of thousands, of petitions. We received the negative determination on one of the last days (it may have been the last day) of the program. The timing leads me to believe it is possible his petition was not reviewed at all.

I did not have much hope that Patrick would get another chance to reduce his sentence after President Obama left office. But when the FIRST STEP act passed, I was surprised and thrilled that Patrick might finally have a chance to have his petition for a sentence reduction be heard.

One last tidbit about Patrick: I was the one who had to tell Patrick his clemency petition was not approved. Although I am sure he was disappointed, Patrick expressed concern not for himself, but for me. He was concerned that the loss of the clemency petition would cost me my job. I mention this because it is a telling example of what a kind and compassionate person Patrick is.

Patrick deserves another chance at life. He has paid more than his fair share. Please reduce Patrick's sentence, so that he can enjoy life with his family, become a productive member of society, and share with the world all his gifts.

Thank you for your time and consideration of this matter.

Best wishes,

*Alison Looman*
Alison Looman