IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CRIMINAL NO. W-07-CR-22(2) |
| | * | |
| **PATRICK ESTELL JONES** | * | |
| | * | |
| Defendant. | * | |

**GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR SENTENCE REDUCTION UNDER SECTION 404 OF THE FIRST STEP ACT**

TO THE HONORABLE ALAN D ALBRIGHT:

The United States of America, by and through the United States Attorney for the Western District of Texas, files this its response in opposition to Defendant Patrick Estell Jones's ("Jones") Motion for Sentence Reduction under Section 404 of the First Step Act ("the Motion"), and would show the Court as follows.

**I. Relevant Facts**

The following recitation of facts is taken from the Indictment, Judgment of Conviction, Presentence Investigation Report (PSR) and the on-line Bureau of Prisons Inmate Locator:

On February 13, 2007, Jones was charged by indictment with possession with intent to distribute at least 5 grams of "crack" cocaine within 1000 feet of a school, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 860(a). ECF 18.

On January 31, 2007, Temple police officers went to a residence looking for a Frances Whitlock on a warrant. PSR ¶5. At the residence, they encountered Jones and his wife, Sharon. PSR ¶9. The officers received consent to search the residence, PSR ¶13, and eventually located

1

"crack" (19.26 grams) and powder cocaine (21.41 grams.) PSR ¶14. This residence was within 1000 feet of the real property comprising Temple Junior College. PSR ¶15.

As it turned out, Whitlock sold "crack cocaine for Jones and Sharon Jones. PSR ¶17. She advised that Jones and/or Sharon Jones would give her between $50 and $100 of "crack" and direct her on where to deliver it. PSR ¶18. She estimated that she averaged five to ten deliveries of "crack" per day for the Jones', sometimes making 20 to 30 deliveries a day. PSR ¶21.

Sharon Jones admitted that from Thanksgiving 2006 until the day of their arrest on January 31, 2007, PSR ¶25, she and Jones sold both "crack" and powder cocaine, PSR ¶23, and that they manufactured "crack" every other day. PSR ¶27. She indicated that they would sell one-half ounce of "crack" every other day and made $1,000 every day. PSR ¶29.

Jones's range of punishment for his violation was a minimum mandatory five years to 80 years imprisonment and at least 8 years of supervised release. Jones proceeded to trial and was convicted by a jury on May 30, 2007. ECF 59.

At sentencing, Jones was held accountable for 425.1 grams of "crack," based on the trial testimony of Sharon Jones that she and Jones sold one-half ounce of "crack" every other day from Thanksgiving 2006 until the day of their arrest. PSR ¶34. Under the sentencing guidelines, his base offense level was 36 (34, plus two levels for being in a protected location.) Jones received an additional two level enhancement for his role in the offense, bringing his total offense level to 38. Jones amasses 39 criminal history points—three times the number required for criminal history category VI. PSR ¶67!  In fact, Jones was a career offender within the meaning of U.S.S.G. §4B1.1, but it was not applied in his case because his total offense level was higher that his career offender level. PSR ¶48. Jones' guideline range was 360 months to life imprisonment. PSR ¶ 106.

On July 25, 2007, the Court sentenced Jones to the minimum term of 360 months imprisonment and a eight-year term of supervised release. ECF 72. Jones appealed. The United States Court of Appeals for the Fifth Circuit affirmed the judgment and sentence of the Court on May 23, 2008. ECF 100.

Jones moved to reduce his sentence based on Amendments 706 and 711 to the sentencing guidelines. ECF 101. The Court, applying those Amendments, which retroactively reduced the guidelines for "crack" cocaine offenses, reduced Jones' offense level by two, adjusting his base offense level to 34 and a guideline range to 324 to 405 months. ECF 103. Jones filed two subsequent motions to reduce his sentence based on Amendments 750 and 782 to the sentencing guidelines, ECF 164, 166, but those were denied by the Court, as Jones was not eligible for a reduction, ECF 165, or a reduction was not warranted since his sentence was within amended range. ECF 167.

Jones remains incarcerated with a projected release date of August 9, 2030.

## II. Application of the First Step Act

Congress enacted the First Step Act on December 21, 2018. *Inter alia*, it allows certain defendants to obtain retroactive relief under sections 2 and 3 of the Fair Sentencing Act of 2010 from a previously-imposed sentence for a "covered offense". [1] *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). Section 404 requires this Court to first determine whether the defendant is eligible for a reduced sentence and, assuming eligibility, to then determine whether any reduction in sentence is appropriate. *See* 132 Stat. 5194, 5222 (2018)

---

[1] The Fair Sentencing Act was enacted on August 3, 2010, and did not apply retroactively. Initially, there was uncertainty whether that Act excluded all defendants whose offenses were committed before August 3, 2010, or only defendants already sentenced before that date. In *Dorsey v. United States*, 567 U.S. 260 (2012), decided on June 21, 2012, the Court held that the Act applied to any defendant sentenced on or after August 3, 2010, regardless of when the offense occurred.

("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). *United States v. Hegwood*, 934 F.3d 414 (5th Cir. 2019), *cert. denied*, 2019 WL 4923453 (Oct. 7, 2019). The Government concedes that Jones is eligible for such relief; however, this Court should refrain from exercising its discretion to impose a sentencing reduction, especially in light of Jones' career offender status.

### A. Section 404 applies to Jones' case.

Pursuant to 18 U.S.C. § 3582(c), "[t]he court may not modify a term of imprisonment once it has been imposed except that (1)…(B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The relevant statute here is the First Step Act ("the Act").

Section 404(b) of the Act provides that:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

*See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 [], that was committed before August 3, 2010." 132 Stat. 5194, 5222 (2018) (Section 404(a)).

Here, Jones' violation qualifies as a covered offense. Jones was convicted under 21 U.S.C. §§ 841(b)(1)(B) and 860(a), which was amended by § 2 of the Fair Sentencing Act. Additionally, the amount of "crack" underlying Jones's conviction falls within the range amended by § 2 of the Fair Sentencing Act. Section 2 amended 21 U.S.C. § 841(b)(1)(B) by changing the threshold amount of "crack" from 5 grams to 28 grams. Jones was found to have been in possession of 19.26

4

grams of "crack", which is less than the now requisite 28 grams. Thus, the amount of "crack" possessed by Jones no longer qualifies under § 841(b)(1)(B) as amended by the Fair Sentencing Act. Instead, Jones is now subject to the imprisonment range in §§ 841(b)(1)(C) and 860(a). Finally, Jones's violation of §§ 841and 860(a) was committed before August 3, 2010, and Jones is not barred from seeking a reduction by the limitations provided in § 404(c) of the First Step Act.

### B.  A reduction of Jones's sentence is not warranted.

The plain terms of § 404(c) of the First Step Act do not require this Court to afford Jones relief.  *See* 132 Stat. 5194, 5222 (Section 404(c) stating: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.").  For the following reasons, this Court should refrain from exercising its discretion under § 404(c) of the First Step Act to grant Jones a reduction in sentence.

Jones current sentence of 324 months remains within the enhanced statutory term of imprisonment. After application of § 2 of the Fair Sentencing Act, Jones is subject to a statutory maximum of 40 years imprisonment. *See* 21 U.S.C. § 841(b)(1)(C). ("Any person who violates section 841(a)(1) of this title…by … possessing with intent to distribute…a controlled substance …within one thousand feet of…a public…. elementary…school … is…  subject to (1) twice the maximum punishment authorized by section 841(b) of this title; and (2) at least twice any term of supervised release authorized by section 841(b) of this title for a first offense.") Jones' original sentence of 324 months remains appropriate under the amended statutory term of imprisonment.

More importantly, Jones was a career offender under the sentencing guidelines. Pursuant to §4B1.1, Jones' offense level was determined not by the quantity of drugs he possessed, but by his criminal history. Jones stood convicted of a controlled substance and had at least two prior convictions of either a crime of violence or a controlled substance offense. U.S.S.G. §4B1.1 (a).

Because the statutory maximum for his offense was 25 years or more, his offense level was automatically set at 34. U.S.S.G. §4B1.1 (b). A career offender's criminal history category is always VI, regardless of the number of points a particular defendant may have. U.S.S.G. §4B1.1 (b). However, in this case, Jones had **three times** the number of criminal history points to qualify for category VI. Jones' sentence of 324 months is within his career offender sentencing range of 262-327 months. The 324-month sentence remains appropriate, as the career offender provision does not take into account the role in the offense enhancement he received (+2 levels) when his guideline range was calculated using the drug offense levels. The additional two levels would place Jones in exactly the same range he is in now—324-405 months.

Jones argues that, had he originally been sentenced a few months later, he would not be a career offender, as an amendment to the guidelines in 2007 changed the way sentences were counted for purposes of determining career offender. *See* U.S.S.G. §4B1.2(c) and 4A1.2. Prior to the change, sentences counted separately if they weren't consolidated for plea or trial. U.S.S.G. §4A1.2, Application Note 3 (2006); *United States v. Garcia*, 962 F.2d 479, 482-83 (5th Cir. 1992). Furthermore, he maintains that he would not have 39 points but only 8. *Motion* at 7. However, this Court cannot ignore that fact that he was, in fact, a career offender at the time he was sentenced. That cannot now be reexamined. *Hegwood* at 7. If Jones' criminal history points were counted in the manner that he wishes, he would be subject to a substantial upward departure under any version of the guidelines, U.S.S.G. §4A1.3, or a variance based on the 18 U.S.C. §3553(a) factors.

**C. Jones Is Not Entitled To A Plenary Resentencing**

Essentially, Jones is asking this Court to resentence him under current law as if the sentence were imposed today, despite the fact that his total offense level and guideline range remain unchanged. However, this is directly contrary to the limited relief that is authorized by the First Step Act. The First Step Act permits a sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect **at the time the covered offense was committed**." *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018) (emphasis added). Courts presume that Congress "says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992). If Congress intended the courts to resentence defendants under the current state of the law, it would have written the First Step Act to that effect and not expressly back-dated the exercise. The Fifth Circuit's decision in *United States v. Hegwood* is instructive, and binding authority, in this matter:

> It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed. The calculations that had earlier been made under the Sentencing Guidelines are adjusted "as if" the lower drug offense sentences were in effect at the time of the commission of the offense. **That is the only explicit basis stated for a change in the sentencing.** In statutory construction, the expression of one thing generally excludes another. *TRW Inc. v. Andrews*, 534 U.S. 19, 28-29, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001). **The express back-dating only of Sections 2 and 3 of the Fair Sentencing Act of 2010 —saying the new sentencing will be conducted "as if" those two sections were in effect "at the time the covered offense was committed" — supports that Congress did not intend that other changes were to be made as if they too were in effect at the time of the offense.**
> . . .
> The mechanics of First Step Act sentencing are these. The district court decides on a new sentence by placing itself in the **time frame of the original sentencing**, altering the relevant legal landscape **only** by the changes mandated by the 2010 Fair Sentencing Act. . . . **[T]he sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception.**

*Hegwood* at 418-19 (emphasis added). Jones misstates the relevant time-frame in which courts are to determine an offender's appropriate sentence. By the express language of the First Step

7

Act, the relevant time-frame is when the defendant was originally sentenced. To conclude otherwise would require the courts to engage in a full plenary resentencing, which is not authorized by section 404 of the First Step Act. *Hegwood* at 415. *See also Russo*, 2019 WL 1277507 at *2 ("a reduction of sentence pursuant to the First Step Act is analogous to a reduction of sentence under 18 U.S.C. § 3582(c)(2), based on a retroactive Guideline amendment, which does not require plenary resentencing.").

Nothing in the Act suggests that Congress intended to adopt a different methodology now—it *only* directs the court to examine a sentence *as if* Sections 2 and 3 of the Fair Sentencing Act were in effect when the defendant was originally convicted and sentenced and does *not* change the manner in which drug quantity is determined. *See* Section 404(b); *Hegwood* at 415; *Mainor*, 2019 WL 3425063 at *2 ("while the First Step Act permits district courts to reduce a qualified individual's sentence, it does not authorize a district court to conduct a plenary resentencing of the defendant."); *Shelton*, 2019 WL 1598921 at *2 ("Neither the Fair Sentencing Act nor the First Step Act expressly provide for a full or plenary resentencing for reconsideration of original sentencing determinations."); *Perkins*, 2019 WL 1578367 at *3 ("[A] full resentencing is neither required nor called for[.]"); *United States v. Crews*, 2019 WL 2248650 at *4 (W.D. Pa. May 24, 2019) (district court retains discretion to decide whether reduction is authorized)*; see also Dillon v. United States,* 560 U.S. 817 (2010) court need not apply *Booker*, which rendered the Guidelines advisory, to remedy *Apprendi* violation where the court is considering only whether to reduce a sentence based on a retroactive guideline amendment).

### D. The Court Should Not Exercise Its Discretion to Reduce Jones' Sentence

Should the Court consider exercising its discretion in this matter, the Courts should look to the factors found in 18 U.S.C. § 3553(a), "to the extent that they are applicable." 18 U.S.C.§3582(a); *See Hegwood*, 934 F.3d at 418 . These factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; [] the need for the sentence imposed [] to reflect the seriousness of the offense, to promote respect for the law, [] to provide just punishment for the offense, [] to afford adequate deterrence to criminal conduct; [] to protect the public from further crimes of the defendant;" and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). For the following reasons, this Court should refrain from exercising its discretion under § 404(c) of the First Step Act to grant Jones a reduction in sentence.

The history and characteristics of Jones' background, coupled with the seriousness of this offense, the need to provide just punishment and promote respect for the law all weigh heavily in favor of this Court not exercising its discretion to impose a reduced sentence. Jones has nine prior burglary convictions, PSR ¶52-60, three prior drug delivery convictions, PSR ¶61-63, and two other adjudications, which were not counted. PSR ¶51, 68. He maintained a leadership role in his "crack" distribution enterprise, PSR ¶44, using another person to distribute "crack" for him.

Jones was not a small-time crack dealer whose sentence far outweighed the scope of his criminal activity. *Compare with Mainor*, 2019 WL 3425063 at *3 (defendant found responsible for 6.9 grams of cocaine subject to re-sentencing under First Step); *Perkins*, 2019 WL 1578367 at *1 (relying on findings in PSR that defendant responsible for 18.8 grams of crack). The 425.1 gram quantity was conservatively determined, based on the limited time-frame used to calculate the figure. PSR ¶34.

The nature and circumstances of the offense and the history and characteristics of the defendant weigh heavily in favor of not disturbing Jones's sentence. 18 U.S.C. § 3553(a). The sentence Jones is now serving reflects the seriousness of his continuous, uninterrupted offense. The sentence Jones currently serves promotes respect for the law, provides just punishment for the offense, and affords adequate deterrence to criminal conduct. 18 U.S.C. § 3553(a).

Finally, the sentence Jones is currently serving avoids "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). To reduce Jones's sentence to time served only creates more disparity between himself and similarly situated defendants who were sentenced as career offenders. Since drug quantity involved in the offense has no effect on the sentence, other drug defendant career offenders, having no opportunity to challenge their sentences, would be serving much more time than Jones. This factor also weighs heavily in favor of not disturbing Jones's sentence.

Jones asks the Court to consider his conduct while in prison to reduce his sentence. *See Motion* at 15. If the Court were inclined to consider Jones's prison record as to the Motion, it does not outweigh the other factors under § 3553(a), to the extent they are even applicable. 18 U.S.C. § 3582(a). Jones' record in prison indicated four disciplinary infractions. ECF 182-4 p.2.

For these reasons the sentence he is currently serving is appropriate for the magnitude of his past crimes. This Court should not exercise its discretion to reduce Jones' 324 month sentence.

## CONCLUSION

This Court should not exercise its discretion to again reduce the sentence he currently serves. For all these reasons, the Government therefore requests that Jones's Motion for a First Step Act reduction in sentence be denied.

                                  Respectfully Submitted,

                                  JOHN F. BASH
                                  United States Attorney

By:    /s/ *Mark L. Frazier*
          MARK L. FRAZIER
          Assistant United States Attorney
          800 Franklin, Suite 280
          Waco, TX 76701
          254-750-1580


## **CERTIFICATE OF SERVICE**

I hereby certify that on this, the 9th day of December 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to defendant's attorney of record:  AFPD David M.C. Peterson.

/s/ *Mark L. Frazier*
MARK L. FRAZIER
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | **CRIMINAL NO. W-07-CR-22(2)** |
| | * | |
| **PATRICK ESTELL JONES** | * | |
| | * | |
| Defendant. | * | |

## **ORDER**

On this date, came on to be considered the Defendant Patrick Estell Jones's ("Jones") Motion for Sentence Reduction under Section 404 of the First Step Act of 2018 ("the Motion"), and the Government's Response and Opposition to the Motion. The Court finds that the Government's Response is well-taken.

IT IS HEREBY ORDERED that Defendant's Motion is therefore DENIED.

SIGNED AND ENTERED this _____ day of _____, 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE