IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br> *Plaintiff,* <br><br>**v.**<br><br>**PATRICK ESTELL JONES,**<br> *Defendant.* | § § § § § § § § § | **CRIMINAL NO. 6-07-CR-00022-ADA-2** |

## ORDER

Before the court is Defendant Patrick Estell Jones's counseled Motion for Sentence Reduction Under Section 404 of the First Step Act (ECF No. 182), the Government's opposition in response (ECF No. 185), and Jones's reply (ECF No. 186). After consideration of these pleadings and the applicable legal authority, the court **DENIES** Jones's requests for a reduction in sentence.

### Background

In January 2007, Jones was charged in a one-count indictment with possession with intent to distribute five grams or more of "crack" cocaine within 1,000 feet of a Junior College and Aiding and Abetting base in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(iii) and 860(a) and Title 18, United States Code, Section 2, respectively. At the time of his arrest, Jones was found with 19.26 grams of powder cocaine and 21.41 grams of crack cocaine.

In May 2007, a jury found Jones guilty. Prior to sentencing, the United States Probation Office held Jones accountable for 425.1 grams of crack cocaine. The Probation Office calculated

1

this weight using the testimony of Jones's wife, Sharon Jones. Sharon Jones testified that Jones sold at least ½ ounce of crack cocaine every other day from approximately December 2006 to January 2007. The Probation Office calculated Jones's base offense level as 34, plus two 2-point enhancements for proximity to Temple Junior College and Jones's leadership role in the offense. Although Jones could have been considered a career offender, the offense level under § 2D1.2 was used as it resulted in a higher offense. Jones's criminal history placed him in Category VI. Jones's guideline range at the time of sentencing was 360 months to life followed by 5 years of supervised release.

At the July 2007 sentencing hearing, Jones's counsel objected to the charged 425.1 gram amount, but the court denied the objections because "even if it was only half as much, the offense level would be the same." *United States v. Patrick Jones*, 6:07-cr-00022(2)-ADA, ECF No. 86 at 9–10. After considering the relevant § 3553(a) factors, the court sentenced Jones to the minimum guideline of 360 months' imprisonment, followed by eight years of supervised release, a $1,000 fine, and a $100 mandatory special assessment. The Fifth Circuit upheld Jones's conviction and sentence on appeal. See *United States v. Patrick Estell Jones*, No. 07-50950 (5th Cir. May 21, 2008).

In October 2008, the court granted Jones a sentence reduction from 360 months to 324 months due to United States Sentencing Guideline Amendments 706 and 711. The court stated that "as [it had] previously imposed a sentence at the bottom of the guideline range, the same will be selected in imposition of Defendant's new sentence." ECF No. 103.

**Fair Sentencing and First Step Acts**

In 2010, Congress enacted the Fair Sentencing Act ("FSA"). The FSA was an effort to reduce sentencing disparities between cocaine base offenses and powder cocaine offenses. *Dorsey v. United States*, 567 U.S. 260, 268–69 (2012). Section 2 modified the statutory penalties for crack offenses by increasing the amount of crack necessary to support the statutory ranges for convictions under § 841(b)(1)(A) from 50 to 280 grams, for convictions under § 841(b)(1)(B) from 5 to 28 grams, and for convictions under § 841(b)(1)(C) from less than 5 grams to less than 28 grams.

Eight years later, Congress enacted the First Step Act of 2018, which made Section 2 of the FSA retroactive for a particular group of defendants sentenced prior to the FSA's enactment. Section 404 of the First Step Act provides:

> (a) DEFINITION OF COVERED OFFENSE. – In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED. – A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS. – No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018).

**Eligibility**

Jones contends his offense is a covered offense under Section 404, as his offense was committed before August 3, 2010, and the statutory penalties applicable to his offense were modified by Section 2 of the FSA. He concludes, under the First Step Act, he is no longer subject to the statutory penalties of § 841(b)(1)(B) and instead is subject to the penalties set forth in § 841(b)(1)(C). Under that provision, Jones maintains his statutory sentencing range is reduced to zero to 40 years, with a minimum term of six years' supervised release. Jones asserts the elimination of the statutorily mandated penalty range of 360 months to life also changes the relevant sentencing guidelines to 262 to 327 months.

The Government concedes that Jones is eligible under Section 404 but urges this Court to exercise its discretion not to reduce Jones's sentence.

**Discretion**

In the event the court determines Jones is eligible for a reduction, the Government urges the Court to exercise its discretion to deny a reduction. The Government points out Jones's sentence should not be evaluated as if he were sentenced according today's guidelines, as Jones argues. The Government argues that because the First Step Act only allows the court to place itself in the exact time and exact circumstances of the first sentencing and "impose a reduced sentence as if Sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed", the Court should not sentence Jones as if his sentencing were taking place in the present. ECF No. 185 at 7–8. In addition, the Government refers to the presentencing report showing that Jones was convicted of nine burglaries and of three prior drug

deliveries. ECF No. 185 at 9. The Government concludes Jones is unworthy of a sentence reduction.

Although Jones is eligible for a reduction of sentence pursuant to the First Step Act, the Court declines to reduce his sentence. The Court finds Jones's argument that he must be resentenced according to current guidelines unpersuasive. *See United States v. Hegwood*, 934 F.3d. 414, 418–419 (5th Cir. 2019) (explaining that "the sentencing is being conducted as if all the conditions for the original sentencing were again in place with the one exception" of the effectiveness of Sections 2 and 3 of the Fair Sentencing Act of 2010). The Court also finds the Government's argument that the Court may not consider current guidelines unpersuasive. *See United States v. Peters*, 6:09-cr-00244-ADA-1, ECF No. 49. The Court will not evaluate Mr. Jones's sentence in a vacuum. However, the fact that the Court has exercised its discretion to reduce Jones's sentence in the past has no bearing on whether the Court will or must do so again.

After due consideration of the § 3553(a) factors, the Court determines Jones's current sentence of 324 months, which is within the amended guideline range, is sufficient but not greater than necessary to comply with the purposes set forth in Title 18 of the United States Code. *See* 18 U.S.C § 3553(a). As Jones suggested, the Court also took into consideration the current guidelines and Jones's rehabilitative efforts when considering the § 3553(a) factors.

The Court specifically took into account the nature and circumstances of the offense, the defendant's criminal history and characteristics, and the need to protect the public from further crimes of the defendant. Jones is a career offender with multiple prior offenses and a history of recidivating each time he is placed on parole. Though the bulk of Jones's offenses were committed at age 17, Jones displayed his continuing criminal tendencies by committing offenses

each time he was released from custody. For example, at age 21, while on parole for the offenses he committed at age 17, Jones committed three drug delivery offenses. At age 36, Jones committed the offense at issue here, again while on parole for previous offenses. The sentence also reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense, and affords adequate deterrence to criminal conduct.

It is therefore **ORDERED** that Defendant Patrick Estell Jones's Motion for Reduction of Sentence (ECF No. 182) is **DENIED**.

**SIGNED** this 26th day of February, 2020.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE